AO 91 (Rev. 08/09) Criminal Complaint

FILED BY _YMA_ D.C.

AUG 29 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| Tyreese S. Buchannon, a/k/a "Youngin," | ) Case No. 19-8365-BER |
| | ) |
| | ) |
| Defendant(s) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 23 and 27, 2019__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 841(a)(1) | Distribution of a Controlled substance, namely a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Joseph C. Verneer, IV, DEA Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 8/29/19

_____
Judge's signature

City and state: West Palm Beach, FL          Bruce Reinhart, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT
# OF
# SPECIAL AGENT
# JOSEPH C. VERNEER, IV
# DRUG ENFORCEMENT ADMINISTRATION
# UNITED STATES DEPARTMENT OF JUSTICE

I, Joseph C. Verneer, IV, being duly sworn, depose and state as follows:

1. I am a Special Agent (SA) with the Drug Enforcement Administration (DEA) United States Department of Justice (DOJ), currently assigned to the Miami Field Division, West Palm Beach District Office, in West Palm Beach, Florida. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516(1)(e) and Title 21, United States Code.

2. I have been a SA with the DEA since February 21, 2016. Prior to my employment with DEA, I served as a Federal Air Marshal with the Federal Air Marshal Service in the New York and Miami Field Office from March 2009 to February 2016. I am currently assigned to investigations dealing with all aspects of importation, manufacturing, and distribution of illegal drugs, to include, but not limited to, heroin, fentanyl, cocaine hydrochloride and cocaine base commonly referred to as "crack" cocaine.

3. While employed with the DEA, I have received ongoing training to include classes in Basic Telecommunication Exploitation, Internet Telecommunication Exploitation and Wire and Oral Telecommunication Interceptions. As a SA with the DEA, I have conducted investigations of, and have been instructed in investigative techniques concerning the unlawful distribution of illegal narcotics, possession with intent to distribute controlled substances, importation of illegal narcotics, use of communication facilities to conduct illegal narcotics transactions, maintaining places for purposes of manufacturing, distributing or using controlled substances and conspiracies to commit these offenses, in violation of Title 21, United States Code Sections 841(a)(1), 843(b), 856, 846, 952, and 963,

respectively. Based upon this experience, and through the experience of other agents and detectives with numerous years of experience, I have also become well versed in the methodology utilized in illegal narcotics trafficking, the specific type of language used by illegal narcotics traffickers, and the unique patterns employed by narcotics organizations. I have also participated in physical surveillances, electronic surveillances, and wire surveillances. Additionally, I have arrested individuals for various drug violations and have spoken with a number of drug dealers, drug users, and informants concerning the methods and practices of drug traffickers. As a result of my law enforcement experiences, and the experience of other agents and detectives I have worked with in dealing with drug traffickers, I have found that they rarely speak openly about their illegal narcotics transactions. Instead, they use coded language to disguise their conversations about illegal narcotics transactions and also communicate via text messages.

## Purpose of this Affidavit

4.  The information in this affidavit is personally known to me or has been provided to me by other law enforcement officers either in person or through a review of their reports. The limited purpose of this affidavit is to establish probable cause for the arrest of Tyreese BUCHANNON, a/k/a "Youngin" for having committed the criminal offense of Distribution of a Controlled Substance, namely a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). Accordingly, this affidavit does not set forth every fact that is known to me, or other officers, regarding Tyreese BUCHANNON, a/k/a "Youngin."

## Controlled Purchases of Heroin from Tyreese BUCHANNON

5.  On August 23, 2019, a Palm Beach County Sheriff's Office agent acting in an undercover capacity (UC) set up a controlled purchase of heroin from Tyreese BUCHANNON, a/k/a "Youngin" (BUCHANNON). The UC was provided $100.00 U.S. currency to complete the purchase. The UC

called BUCHANNON to setup a place and time to purchase $100.00 of heroin. The UC and BUCHANNON agreed to meet at the Boston Market restaurant located in West Palm Beach, in Palm Beach County, within the Southern District of Florida. The UC drove to the prearranged location and called BUCHANNON. An unidentified female answered the phone and told the UC that a black Nissan sedan would arrive shortly. Approximately 20 minutes later, a black Nissan bearing a Florida license plate with assigned number LSZS68 (TARGET VEHICLE), arrived to the meet location.

6. BUCHANNON exited the driver seat of the TARGET VEHICLE and opened the front passenger door of the UC vehicle. During a video-recorded meeting, BUCHANNON gave the UC a piece of a brown paper bag, which contained a number of clear gel capsules containing a powdery substance of suspected heroin with an approximate gross weight of 5.6 grams. Based upon my training and experience, I know that this type of clear gel capsules are commonly used by drug traffickers to distribute heroin. The UC gave BUCHANNON the $100.00 in U.S. currency. BUCHANNON then exited the UC vehicle and the UC left the area. The capsules containing the powdery substance were later field-tested, which resulted in a positive result for the presence of heroin.

7. On August 27, 2019, at approximately 12:21 p.m., the UC received a text message from BUCHANNON, who agreed to meet the UC near the Palm Beach Mall, located on Palm beach Lakes Boulevard, West Palm Beach, within the Southern District of Florida, to sell the UC $100.00 of heroin. At approximately 3:56 p.m., law enforcement surveillance agents observed BUCHANNON driving the TARGET VEHICLE as he arrived to the Palm Beach Mall. BUCHANNON parked the TARGET VEHICLE next to the UC vehicle. BUCHANNON then exited the TARGET VEHICLE, opened and closed the TARGET VEHICLE's trunk, and then entered the UC vehicle.

8. During a video-recorded meeting, BUCHANNON handed the UC six clear gel capsules containing a white powdery substance. In return, the UC gave BUCHANNON the $100.00 in U.S. currency. Thereafter, BUCHANNON exited the UC vehicle, returned to the TARGET VEHICLE, and

left the area. The UC then left the area as well. Later, the capsules purchased from BUCHANNON were field tested which resulted in a positive result for the presence of heroin, a Schedule I controlled substance.

9. On August 28, 2019, BUCHANNON again agreed to meet with the UC to sell the UC $100.00 worth of heroin. When BUCHANNON arrived to the prearranged meet location, agents arrested BUCHANNON. During the course arresting BUCHANNON, law enforcement located and seized approximately 12 clear gel capsules containing a powdery substance from the TARGET VEHICLE. Later, the capsules located in the TARGET VEHICLE were field tested which resulted in a positive result for the presence of heroin, a Schedule I controlled substance.

## Conclusion

10. Therefore, based on the facts and information set forth in this affidavit, I respectfully submit that there is probable cause to believe that on August 23, 2019, and again on August 27, 2019, Tyreese BUCHANNON did commit the criminal offense of Distribution of a Controlled Substance, namely a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance in violation of Title 21, United States Code, Section 841(a)(1).

FURTHER YOUR AFFIANT SAITH NAUGHT.

JOSEPH C. VERNEER IV
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Sworn to and subscribed before me this 29 day of August, 2019, at West Palm Beach, Florida.

BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-8365-BER

UNITED STATES OF AMERICA

vs.

Tyreese S. Buchannon, a/k/a "Youngin,"

        Defendant.
_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? _____ Yes __X__ No

                                Respectfully submitted,

                                ARIANA FAJARDO ORSHAN
                                UNITED STATES ATTORNEY

        BY: _____
                                JENNIFER C. NUCCI
                                ASSISTANT UNITED STATES ATTORNEY
                                Florida Bar No. 171700
                                500 S. Australian Avenue, Suite 400
                                West Palm Beach, FL 33401-6235
                                Tel: (561) 820-8711
                                Fax: (561) 820-8777
                                Jennifer.Nucci@usdoj.gov